# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
## ALEXANDRIA DIVISION

| | | |
|---|---|---|
| IN RE:  TRUNG THIEN NGUYEN | : | |
| | : | CASE NO.  09-10666-SSM |
| | : | |
| DEBTOR. | : | CHAPTER 7 |
| | : | |
| AMERICAN EXPRESS BANK, FSB, | : | |
| | : | |
| PLAINTIFF, | : | ADV. PROC. NO. |
| | : | |
| vs. | : | |
| | : | |
| TRUNG THIEN NGUYEN | : | HON. STEPHEN S. MITCHELL |
| | : | |
| DEFENDANT. | : | |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT

Plaintiff, American Express Bank, FSB ("American Express"), by and through its counsel, hereby represents as follows:

1.    The Court has jurisdiction to hear this Complaint pursuant to 28 U.S.C. 157(a), (b)(1), (b)(2)(I) (core proceeding), 1334(b) and 11 U.S.C. 523(c).

2.    On January 30, 2009, the Debtor voluntarily filed his Chapter 7 petition, commencing the above case.

3.    American Express is the holder of a claim against the above-captioned Defendant arising from card account number XXXX-XXXXXX-X1007 ("the Account").

4.    The Account was opened by the Defendant in January of 2003.

___

Robert L. Deichmeister, Esquire (VA Bar No. 14148)
FAGELSON, SCHONBERGER, PAYNE & DEICHMEISTER, P.C.
11320 Random Hills Road, Suite 325
Fairfax, VA  22030
Telephone: (703) 385-8282
Facsimile: (703) 385-8761
Attorney for Plaintiff

5. The balance of the Account as of the date of the filing of the Chapter 7 petition was $10,001.47.

6. The terms and conditions of the account agreement between the Defendant and American Express call for the payment of reasonable attorneys' fees and all costs expended by American Express in the collection of the Account, which is hereby requested in the following count for relief.

### FIRST COUNT

7. Paragraphs 1 through 6 are hereby repeated and incorporated as if fully set forth herein.

8. According to the Defendant's Statement of Financial Affairs, the Defendant paid the attorney representing him in this bankruptcy case on January 17, 2009.

9. Between January 6, 2009, and January 29, 2009, the Defendant used his American Express card in seventy (70) transactions totaling $9,969.59 for goods, services and cash advances on the Account.

10. One (1) charge in the amount of $24.54 was incurred on January 30, 2009, at 1:37 EST. This transaction is not accounted for above as it was incurred post-petition.

11. Of the transactions referenced in Paragraph 9, forty-four (44) charges totaling $4,508.54 were incurred on or after the date the Defendant made payment to his bankruptcy attorney. Therefore, American Express contends that the Defendant incurred these debts in anticipation of discharging them in bankruptcy.

12. Of the charges referenced in Paragraph 9, sixty-nine (69) transactions totaling $9,453.82 were incurred by the Defendant for luxury goods and services on the Account on or within ninety (90) days before the date of the filing of the bankruptcy petition and are therefore presumed nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

13. Twelve (12) transactions totaling $2,267.31 were incurred at COSTCO and www.COSTCO.com in Springfield, VA, Manassas, VA, Fullerton, US, and Cypress.

14. One (1) transaction in the amount of $1,942.50 was incurred at MANASSAS PAWN in Manassas, VA.

15. One (1) transaction in the amount of $1,911.00 was incurred at FIRST CASH, description "PAWN SHOP," in Alexandria, VA.

16. One (1) transaction in the amount of $550.00 was incurred at DIXIE PAWN INC. in Manassas, VA.

17. One (1) cash advance in the amount of $515.77, including the related transaction fee, was incurred at CARDTRONICS CCS in US.

18. Four (4) transactions totaling $483.79 were incurred at WALMART in Alexandria, VA and Buena Park, CA.

19. Two (2) transactions totaling $304.43 for "eating places and restaurants" and "food/beverage/tip" were incurred at MIU KEE CHINESE REST in Falls Church, VA and TODAI ORANGE in Orange, CA.

20. One (1) transaction in the amount of $300.00 was incurred at TARGET in Springfield, VA.

21. Prior to incurring the transactions referenced in Paragraph 9, the Account had a balance of zero ($0.00).

22.	The Account incurred periodic finance charges totaling $6.34.

23.	The terms and conditions of the account agreement for the Account between the Defendant and American Express call for a minimum payment of the charges due on the Account upon receipt of the monthly billing statement.  The Defendant did not remit any payments on the Account towards the transactions at issue.

24.	Attached hereto as Exhibit "A" is the relevant portion of the account statements which reflect the account activity alleged in this Complaint.  The account numbers, except for the last 4 digits, have been redacted as required.  Pages showing statements of available bonus points and other available membership rewards and offers which have no relation to account activity have been removed for purposes of brevity.

25.	Each and every time the Defendant incurred a charge or transaction, he was making an implied representation to American Express of his intent to repay the debt pursuant to the terms of the account agreement.

26.	However, American Express avers that when the Defendant made these representations, he knew they were false or, alternatively, they were made with such reckless disregard for the truth as to constitute willful misrepresentations.

27.	When the Defendant obtained the goods and services identified on Exhibit "A," he knew or reasonably should have known of his inability to repay the debt such that he was aware of the falsity of his representations to American Express.

28.	According to Schedule F of the Defendant's bankruptcy petition, which fails to include the debt owed to American Express, the Defendant has $44,873.00 in unsecured, nonpriority debt, all of which appears to be credit card debt.

29. According to Schedule I of the Defendant's bankruptcy petition, the Defendant's household's monthly income is $601.00.

30. According to Schedule J of the Defendant's bankruptcy petition, the Defendant's household's monthly expenses total $3,570.00; this figure does not include payment on any credit/charge card debt.

31. Therefore, based upon the figures disclosed in the Defendant's bankruptcy schedules, the Defendant was already unable to pay his living expenses and his credit/charge card debt when he made the charges on the Account as identified on Exhibit "A."

32. American Express asserts that, at the time the Defendant incurred the charges on the Account, his monthly expenses exceeded his monthly income and therefore, subjectively, he did not intend to honor his obligation to American Express to satisfy the Account.

33. A portion of the balance of the Account totaling $9,975.93 was incurred by the Defendant with knowledge of his inability to repay the debts.

34. A portion of the balance of the Account totaling $9,975.93 was incurred by the Defendant without the intent to repay it.

35. The Defendant made the misrepresentations with the intention and purpose of deceiving American Express.

36. The account activity identified in Exhibit "A" represented a sudden change in the Defendant's buying pattern and use of the Account.

37. At the time of posting the above-referenced charges to the Account, the Defendant was a cardmember in good standing and had a credit history with American Express, such that, American Express justifiably relied on the Defendant's misrepresentations as to his intent to repay them.

38.     As the proximate result of extending credit based on the Defendant's misrepresentations, American Express has sustained loss and damage in the amount of $9,975.93.

39.     A portion of the balance of the Account totaling $9,975.93 was incurred by the Defendant through false pretenses, a false representation, or actual fraud.

40.     For the reasons above, a portion of the balance of the Account $9,975.93 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(A).

41.     For the reasons above, a portion of the balance of the Account in the amount of $9,453.82 is nondischargeable pursuant to 11 U.S.C. §523(a)(2)(C).

WHEREFORE, American Express prays this Honorable Court for a nondischargeable judgment, pursuant to 11 U.S.C. §523(a)(2)(A) and 11 U.S.C. §523(a)(2)(C), against the Defendant on the Account in the amount of $9,975.93, plus attorneys' fees, interest and costs, or any other such relief as the Court may deem appropriate.

Respectfully submitted,
Attorneys for Plaintiff

Dated: May 7, 2009          By:     /s/ Robert L. Deichmeister
                                    Robert L. Deichmeister (VA Bar #14148)
                                    FAGELSON, SCHONBERGER, PAYNE &
                                    DEICHMEISTER, P.C.
                                    11320 Random Hills Road, Suite 325
                                    Fairfax, VA  22030
                                    Telephone: (703) 385-8282
                                    Facsimile:  (703) 385-8761
                                    E-Mail:  rdeichmeister@fspd.com